J-S26043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD JOHN HATFIELD | : | |
| | : | |
| Appellant | : | No. 1811 MDA 2024 |

Appeal from the PCRA Order Entered November 12, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002040-2021

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: OCTOBER 7, 2025**

Richard John Hatfield ("Hatfield") appeals pro se from the order entered by the Lancaster County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we conclude that his claims either lack merit, are not cognizable under the PCRA, or are waived, we affirm.

The PCRA court aptly summarized the facts and procedural history of this case as follows:

> On April 1, 2022, [Hatfield] entered a counseled negotiated guilty plea for three counts of possession of child pornography and three counts of criminal use of a communication facility.  [Hatfield] was represented by Assistant Public Defender Anthony Damiano, Esquire, throughout the plea process.  At the plea hearing, the Commonwealth summarized the evidence against Petitioner as follows:

---

[1]  42 Pa.C.S. §§ 9541-9546.

Between December 30, 2020, and May 12th, 2021, [Hatfield] was in possession of one video depicting children under the age of [eighteen] engaging in a prohibitive sexual act or in the simulation of such act, portraying or containing any of the following: The bondage of the child, a weapon used in sexual context, penetration or attempted penetration of a child, or an act that would constitute a crime under … Title 18, Chapter 25, 27, or 31.

Additionally, … [Hatfield] was in possession of multiple digital videos depicting children under the age of [eighteen] engaging in prohibited sexual acts or the simulation of such acts, as well as multiple digital images.

[Hatfield] did use the internet through Verizon Wireless as well as an ASUS table computer and a Samsung Galaxy S10 cellular phone to search, download, view and/or possess child pornography.

[N.T., 4/1/2022, at 10.]

[Hatfield] admitted to possessing child pornography and waived his right to postpone sentencing until after the Sexual Offenders Assessment Board (SOAB) performed a Sexually Violent Predator (SVP) evaluation. [*Id.*] at 3, 11, 14-15. At the conclusion of the plea, [the trial court imposed] an aggregate sentence of ten to twenty years [in prison] pursuant to the negotiated agreement. The Assistant District Attorney noted that because [Hatfield] pled guilty, the Commonwealth was not invoking a second-strike mandatory of [twenty-five] to [fifty] years [in prison because of Hatfield's prior convictions related to the sexual assault of a minor. *Id.* at 13. The trial court] ordered an SVP assessment to be completed no later than [ninety] days following sentencing.

On June 24, 2022, following completion of the SVP assessment, the Commonwealth filed a notice of intent to have [Hatfield] classified as an SVP. After being continued several times, an SVP hearing was held on May 11, 2023, during which [Hatfield] was represented by Patricia Spotts, Esquire. On May

31, 2023, [the trial court] issued an order classifying [Hatfield] as an SVP.[FN]4

> [FN]4  Between the entry of [Hatfield]'s guilty plea and the issuance of [the trial court's] May 31, 2023, SVP Order, [Hatfield] filed a pro se PCRA petition on October 7, 2022, a pro se motion to withdraw guilty plea on May 19, 2023, and a pro se addendum to his motion to withdraw guilty plea on May 25, 2023. Regarding the October 2022 pro se PCRA petition, [the trial court] issued an order on October 13, 2022, appointing PCRA counsel. However, because the petition was a legal nullity, no further action was taken. Regarding the motion to withdraw guilty plea and related addendum, [the trial court] issued an order on June 1, 2023, denying [Hatfield]'s request for relief, noting that the request was prematurely filed because [his] judgment of sentence was not yet final.

On September 5, 2023, [Hatfield] filed a pro se PCRA petition. [The PCRA court] issued an order on September 12, 2023, appointing attorney Stephen Grosh, Esquire, as PCRA counsel. On October 5, 2023, [Hatfield] filed a pro se "Waiver of Right to Counsel," in which he requested Attorney Grosh's withdrawal. In response to the petition, [the PCRA court held] a *Grazier*[2] hearing on March 1, 2024, during which [Hatfield] confirmed that he wished to proceed pro se. Accordingly, [the court] issued an order on March 4, 2024, granting leave for Attorney Grosh to withdraw as PCRA counsel and allowing [Hatfield thirty] days to file a pro se amended petition.

On April 15, 2024, [Hatfield] timely filed pro se amendments to his September 5, 2023, PCRA petition. On June 11, 2024, [the PCRA court] issued an order notifying [Hatfield] of [its] intent to dismiss his request for post-conviction relief and granting [him twenty] days to file a response. [Hatfield] requested an extension of time to file a response, and [the PCRA court] granted him an additional [sixty] days, which required him to file a response on or before September 26, 2024. [The court] also granted [Hatfield]'s request to proceed in forma pauperis. On September

---

2  ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

23, 2024, [Hatfield] filed three pro se documents: a "Motion to Challenge Sufficiency & Weight of Evidence," an "Amended Brief to Notice Pursuant to Pa.R.Crim.P. Rule 907," and a "Response to Notice Pursuant to Pa.R.Crim.P. Rule 907."

Finding that [Hatfield] raised no claims that warranted relief, [the PCRA court] issued an order on November 12, 2024, denying [his] request for post-conviction relief. On December 13, 2024, [Hatfield] filed a notice of appeal to the Superior Court, which was postmarked on December 9, 2024, and was timely filed under the prisoner mailbox rule. The notice of appeal was accompanied by a statement of matters complained [of] on appeal containing [fourteen] claims of error. The Commonwealth filed a response on January 3, 2025.

PCRA Court Opinion, 2/13/2025, at 1-5 (unnecessary capitalization and some footnotes omitted).

Hatfield presents the following issues for review:

1. Did the [trial court] commit legal error at the plea hearing on April 1, 2022 in failing to swear [Hatfield] to an oath of truth?

2. Did the [trial court] commit legal error in over-stressing the amount of time he could sentence [Hatfield] to should he reject the plea agreement?

3. Did the [trial court] thru [sic] an abuse of discretion commit legal error in denying relief as requested due to violations of [Hatfield]'s sentencing rights?

4. Has the [PCRA court] thru [sic] an abuse of discretion [committed] legal error and unnecessarily impede[d] and prolong[ed] [Hatfield]'s appeal rights and process?

5. Was it an abuse of discretion and legal error for the [PCRA court] to deny relief on the ineffective assistance claims brought against [Attorney] Damiano in [Hatfield]'s PCRA without an evidentiary hearing?

6. Did the [PCRA court] thru [sic] an abuse of discretion commit legal error by refusing to hear arguments surrounding violations of [Hatfield's] constitutional rights?

7. When these claims are determined to be with merit and subsequently proven to be true, will this Appellant be entitled to relief?

Hatfield's Brief at 3.

Prior to addressing his issues, we note that many of the legal claims Hatfield attempts to raise throughout his appellate brief are difficult to discern. *See* Hatfield's Brief at 9-27. We emphasize to Hatfield that he chose to proceed pro se and "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018) (quotation marks and citation omitted). We will address the issues that we can determine from Hatfield's brief to the best of our ability.

We begin by acknowledging our standard of review. "We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023). "[W]e defer to the factual findings of the post-conviction court, which is tasked with hearing the evidence and assessing credibility. ***Id.*** Our standard of review of a PCRA court's legal conclusions, however, is de novo. ***Id.***

In his first and second issues, Hatfield appears to argue that his guilty plea was unlawfully induced by the trial court. **See** Hatfield's Brief at 9-11. Specifically, he asserts that the trial court erred in failing to swear him "to an oath of truth" at his guilty plea hearing, and that the trial court wrongly threatened him at the hearing by explaining to him his maximum possible sentence. **See id.**

The PCRA recognizes a claim for relief for "[a] guilty plea unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." **Commonwealth v. Hart**, 174 A.3d 660, 664-65 (Pa. Super. 2017).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Reid**, 117 A.3d 777, 782 (Pa. Super. 2015) (quotation marks and citation omitted); **see also** Pa.R.Crim.P. 590, Comment. "Furthermore, nothing in [Pennsylvania Rule of Criminal Procedure 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed[,] and signed by the defendant and made a part of the plea proceedings." **Commonwealth v. Bedell**, 954 A.2d 1209, 1212-13 (Pa. Super. 2008); **see also** Pa.R.Crim.P.

590, Comment. "[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

In the oral colloquy, Hatfield acknowledged that he understood the elements of each charged offense, the factual basis to support each charged offense, and how the facts of his case proved the elements of each charged offense. N.T., 4/1/2022, at 7-11. In both the oral and written colloquies, Hatfield also acknowledged that he had an absolute right to a trial by jury and that he was innocent until proven guilty. *Id.* at 11; Written Plea Colloquy, 3/31/2022, ¶¶ 11, 25. Hatfield further stated that he understood the maximum possible sentence he could receive and that the court was free to reject any plea agreement and sentence him as it determined was appropriate. N.T., 4/1/2022, at 7-11; Written Plea Colloquy, ¶¶ 34, 37. Thus, our review of the record reveals that Hatfield completed extensive guilty plea colloquies, both written and oral, which covered all the necessary topics for the entry of a valid guilty plea. *See Reid*, 117 A.3d at 782.

Additionally, this Court has held that to be entitled to post-conviction relief for an unlawfully induced guilty plea, the petitioner must plead and prove "that he is innocent[.]" *Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa. Super. 2003); *see also* 42 Pa.C.S. § 9543(a)(2)(iii). Our Supreme Court has

stated that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" the withdrawal of a guilty plea. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1285 (Pa. 2015). A defendant must at least present a "plausible claim of innocence, supported by some facts or evidence in the record," for a court to allow the withdrawal of a guilty plea. **Commonwealth v. Jamison**, 284 A.3d 501, 505 (Pa. Super. 2022). The record reflects that Hatfield never made anything more than a bare assertion of innocence, and thus he cannot establish a valid claim under section 9543(a)(2)(iii). **See** PCRA Petition, 9/5/2023, at 3, 5.

Regarding his argument that his plea was somehow invalid because the trial court did not swear him "to an oath of truth," he cites to no authority that would support this claim. **See** Hatfield's Brief at 9-11. To the contrary, the law is clear that a defendant cannot withdraw his guilty plea on the basis that he lied to the court when entering his plea. **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018). Likewise, Hatfield's claim that the trial court unlawfully induced his plea by informing him of his maximum possible sentence is wholly unavailing. Our review of the guilty plea hearing reveals nothing threatening about the trial court's statements to Hatfield regarding his maximum possible sentence. N.T., 4/1/2022, at 9. Indeed, it is the trial court's responsibility to inform a defendant of this information during any guilty plea colloquy. **See Reid**, 117 A.3d at 782. Accordingly, Hatfield's first two issues are meritless.

In his third issue, Hatfield argues that the trial court violated his constitutional rights by failing to properly inform him of his post-sentence and appellate rights. *See* Hatfield's Brief at 12-13. Hatfield, however, failed to raise this issue in his Pennsylvania Rule of Appellate Procedure 1925(b) statement. *See* 1925(b) Statement, 12/9/2024. It is well established that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Therefore, Hatfield has waived his third issue.[3]

In his fourth issue, Hatfield argues that the trial court erred by prolonging his sentencing because the court imposed his sentence on April 1, 2022, but did not issue its order finding him to be an SVP until May 31, 2023. Hatfield's Brief at 14-15. At the outset, we emphasize that this is not a cognizable claim for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2). Likewise, any error Hatfield believed the trial court made with respect to the time it took to finalize his sentencing is waived, as he could have raised the issue on direct appeal. *See id.* §§ 9543(a)(3), 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial,

---

[3] We note that even if he had not waived his third issue, the record reflects that the trial court informed Hatfield of his post-sentence and appellate rights. *See* Written Plea Colloquy, 3/31/2022, ¶¶ 55-75.

during unitary review, on appeal or in a prior state post[-]conviction proceeding"). For these reasons, Hatfield's fourth issue fails.[4]

In his fifth issue, Hatfield argues that Attorney Damiano was ineffective prior to and during his guilty plea. Hatfield's Brief at 15-18. Hatfield asserts that Attorney Damiano failed to fully investigate the evidence against Hatfield and possible exculpatory evidence, lacked knowledge of the Commonwealth's witnesses, and rushed through his explanation to Hatfield of the written plea colloquy. *Id.*

Hatfield raises a claim of ineffective assistance of counsel.

It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (quotation marks and citation omitted). Importantly, a PCRA petitioner must address each of these three prongs on appeal, as the petitioner bears the burden of pleading

_____

[4] Additionally, we note that this Court has held that "where a defendant pleads guilty and waives a pre[]sentence SVP determination, the judgment of sentence is not final until that determination is rendered." *Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa. Super. 2016). While there was a substantial delay between the trial court imposing Hatfield's sentence and the entry of the order designating him an SVP, much of this delay is attributable to Hatfield filing a premature PCRA petition on October 7, 2022.

- 10 -

that counsel provided ineffective assistance. *Id.* This Court, however, need not review claims of ineffective assistance of counsel in any particular order, as the law is clear that "[a] petitioner's failure to satisfy any prong of this test is fatal to the claim." *Id.*

A criminal defendant has the right to effective assistance of counsel in deciding whether to plead guilty and throughout the guilty plea process. ***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa. Super. 2019). An allegation of ineffective assistance of counsel "in connection with the entry of a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Id.* (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 1149-50 (citation omitted). "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1150 (citation and brackets omitted). "This is not a stringent requirement[,]" however, as "[t]he reasonable probability test refers to a probability sufficient to undermine confidence in the outcome." *Id.* (citation and quotation marks omitted).

Hatfield's claim fails for several reasons. Initially, Hatfield fails to explain how Attorney Damiano's perceived shortcomings induced him to plead

guilty or that, but for these alleged failings, he would have not pled guilty and instead proceeded to trial. ***See id.*** at 1149-50; ***see also*** Hatfield's Brief at 15-18. Instead, Hatfield merely "suggests" that Attorney Damiano's alleged ineffectiveness "diminishes the integrity of the proceeding as well as[] the integrity of [Attorney] Damiano." Hatfield's Brief at 18. Assuming, without deciding, that Hatfield's claims of ineffectiveness were true, such an argument would not provide us with a basis upon which to grant him relief, as Hatfield provides no indication that he would otherwise have proceeded to trial. ***See Velazquez***, 216 A.3d at 1149-50.

Additionally, as established above, the record reflects that Hatfield completed extensive guilty plea colloquies that covered all the necessary topics for the entry of a valid guilty plea. Indeed, during the guilty plea hearing, Attorney Damiano informed the trial court that he reviewed all discovery with Hatfield; in both the written and oral guilty plea colloquies, Hatfield stated that he understood the full nature of the consequences associated with his decision to plead guilty and that he was completely satisfied with Attorney Damiano's representation. ***See*** N.T., 4/1/2022, at 12-13; Written Plea Colloquy, 3/31/2022, ¶¶ 75-77. We therefore conclude that Hatfield's fifth issue is meritless.

In his sixth issue, Hatfield appears to argue that police violated his rights to be free from unreasonable search and seizure when they confiscated and searched his cellphone for images of child pornography. ***See*** Hatfield's Brief

at 19-25. He asserts that the search went beyond the scope of the warrant they had for his electronic devices and that when he consented to the search, police never properly informed him of his rights. ***See id.***

Once again, this claim is waived as Hatfield could have raised it, but failed to do so, prior to the instant PCRA petition. ***See*** 42 Pa.C.S. §§ 9543(a)(3), 9544(b). Hatfield never filed a pretrial suppression motion nor did he file a direct appeal in this case. Additionally, as Hatfield entered a negotiated guilty plea, his avenues of relief are limited. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Indeed, Hatfield acknowledged in his written guilty plea colloquy that by pleading guilty, he had given up his right to pursue a suppression motion. ***See*** Written Plea Colloquy, 3/31/2022, ¶ 23. Accordingly, Hatfield's sixth issue fails.

Hatfield's seventh and final issue is merely a conclusory statement that he is entitled to relief. As all the issues Hatfield has raised either lack merit, are not cognizable under the PCRA, or are waived, we conclude that PCRA court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/07/2025